IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BINYAMIN EL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV245 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| LINDSEY L. BITZES, Prosecutor, | ) | **AND ORDER** |
| LAWRENCE E. BARRETT, Judge, | ) | |
| JACOB CHONG, Omaha Police | ) | |
| Department, and EMILIO LUNA, | ) | |
| Omaha Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff Binyamin El (f/k/a Benjamin H. Draper)[1] alleges that on February 10, 2017, Omaha Police Officers Chong and Luna stopped his vehicle, advised him that his side brake light was out, and requested to see Plaintiff's license, registration, and

---

[1] Attached to Plaintiff's Complaint are several documents purporting to establish that Plaintiff's name was changed from "Benjamin H. Draper" to "Binyamin El"—a "Notice of Public Records Correction" signed by Dominus Nobilis El, Consul, Authorized Representative, Flesh and Blood Being, In Propria Persona"; a "Legal Notice" purporting to change the name of Benjamin H. Draper to Binyamin El "in accord with [his] Moorish Nation of Northwest Amexem/North America . . . Birthright[]"; and a "Judicial Notice and Proclamation" of a "Sovereign Moorish Government and Nation of the Natural People" known as the "Free Moorish Nation." (Filing No. 1 at CM/ECF pp. 10-18.)

proof of insurance. While Plaintiff repeatedly objected to this request, additional officers arrived on the scene.

Plaintiff eventually provided the officers with his van registration, a "Notarized Affidavit that has a picture on it," and a "Legal Notice and Demand." Plaintiff alleges he asked the officers to read and sign the Legal Notice and Demand "for [their] protection." Plaintiff then asked Officer Luna to sign a "Public Servant Questionnaire" and to include his name and badge number. Luna refused to sign the questionnaire and issued Plaintiff a citation, advising Plaintiff that any information Plaintiff would need to file a complaint was on the citation. Plaintiff eventually signed the citation, and the officers then told Plaintiff he could not move or drive his vehicle because he needed a driver's license to do so, and Plaintiff's license had been suspended. (Filing No. 1 at CM/ECF p. 7.)

Attached to Plaintiff's Complaint is the apparent Uniform Citation and Complaint issued to Plaintiff on February 10, 2017, although the citation is made out to "Benjamin H. Draper" instead of "Binyamin El." (Filing No. 1 at CM/ECF p. 9.) The citation notes an appearance date of March 17, 2017, in Douglas County Court. Douglas County Court records in the JUSTICE database[2] indicate that Plaintiff did not appear at his March 17 arraignment, an arrest warrant was issued, and bond was set at $5,000. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Also attached to Plaintiff's Complaint is a Journal Entry and Order dated more than a year later on March 27, 2018, and signed by Defendant Douglas County Court Judge Lawrence Barrett, noting the offenses for which "Benjamin H. Draper" was ticketed, as well as Plaintiff's failure to appear at the March 17, 2017, hearing. The Order issued after the hearing states, "No action taken." (Filing No. 1 at CM/ECF p.

---

[2]*See* https://www.nebraska.gov/justice//case.cgi (Douglas County Court No. CR 17 0006276).

8.) JUSTICE court records indicate that Plaintiff appeared at the hearing, and the case remains open.

In an apparent 42 U.S.C. § 1983 action alleging a violation of his due process rights when Judge Barrett refused to "remove warrant" after the March 27, 2018, hearing in Douglas County Court, Plaintiff names as Defendants Officers Chong and Luna, Judge Barrett, and Lindsey Bitzes, the City of Omaha prosecutor who appeared at the hearings in Douglas County Court. For relief, Plaintiff requests removing his photo "from the www.omahasheriff.org website" and "removing the unlawful warrant." Plaintiff also requests money damages. (Filing No. 1 at CM/ECF p. 4.)[3]

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[3]The www.omahasheriff.org website shows a pending criminal warrant for Benjamin H. Draper for the offenses of "OPER VEH DUR SUSP-NOT REINSTATED-STATE"; "BRAKE, TURNSIGNAL LIGHTS"; and "FAIL TO APPEAR." Other information appearing on the website for Draper's warrant includes: "Warrant Number: 4169251 - MC"; "RB Number: J44298"; and "Court Case Number: CR 17 0006276 COUNTY COURT."

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Under the *Younger* abstention doctrine, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *Younger v. Harris*, 401 U.S. 37 (1971); *see Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, [] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism").

Here, each of the *Younger* conditions is satisfied. The proceedings in the Douglas County Court for Plaintiff's alleged violation of Nebraska "rules of the road" statutes and the Omaha Municipal Code are ongoing. Second, enforcement of Nebraska's traffic laws furthers important state interests. *Ronwin v. Dunham*, 818 F.2d 675, 678 (8th Cir. 1987) (in the context of abstention, "the state's interest in the safety of its roadways is considerable") (citing *Mackey v. Montrym*, 443 U.S. 1, 17 (1979) (the state has a "paramount interest . . . in preserving the safety of its public highways") and *Dixon v. Love*, 431 U.S. 105, 114 (1977) (there is an "important public interest in safety on the roads and highways, and in the prompt removal of a safety hazard")). Finally, there is no indication that the state courts could not afford Plaintiff judicial review of his constitutional challenge. *Phelps-Roper v. Heineman*, 710 F. Supp. 2d 890, 902 (D. Neb. 2010) (because state criminal proceedings in

county court afforded plaintiff opportunity to present her constitutional claims, federal district court should abstain under *Younger*); *see, e.g., Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 531 (D. Neb. 2007) ("There is no evidence before this court indicating that Nebraska's juvenile court judges are unaware of or unable to interpret the federal statutory or constitutional laws governing or impacting their rulings and procedures, nor to the extent a party claims federal law was violated at the juvenile court level, that appellate review is not available in the Nebraska Court of Appeals or Supreme Court.")

Therefore, *Younger* dictates that this court abstain from deciding Plaintiff's federal constitutional claim and dismiss this matter without prejudice. *Anderson v. Schultz*, 871 F.2d 762, 766 (8th Cir. 1989) (dismissal without prejudice is appropriate when district court abstains under *Younger*); *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (district court did not err in dismissing § 1983 action for damages and injunctive relief when disposition of civil suit would "require federal intervention in a matter presently pending in state court," which was a state-court criminal conviction that was on appeal) (citing *Younger*); *see also Carson P.*, 240 F.R.D. at 529 ("'federal court oversight of state court operations, even if not framed as direct review of state court judgments' . . . is problematic, calling for *Younger* abstention. . . . The relief that the plaintiffs seek would interfere extensively with the ongoing state proceedings for each plaintiff.") (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1278-1279 (11th Cir. 2003).

IT IS ORDERED that this case is dismissed without prejudice, and judgment shall be entered by separate document.

DATED this 22nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge